IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. 4:05CR00008-6 |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| RICHIE JOHN HORVATH, III, ) | |
| ) | By: Hon. Jackson L. Kiser |
| Defendant. ) | Senior United States District Judge |

The motion before me is to reconsider my ruling that Defendant is not entitled to claim immunity from prosecution. The additional evidence which was taken at hearings on March 2, 2007 and March 5, 2007 has not changed my mind. If anything, it has convinced me more than ever that my initial ruling was correct.

The additional evidence consisted of testimony from Defendant's Ohio attorney, Charles Morgan, and FBI agent, Joe Oliver, a stipulation of the testimony of Assistant United States Attorney Anthony Giorno, and documentary exhibits of transcripts of the Ohio trial, the original of the disputed immunity letter, and a hand written note of agent Oliver.

The substance of Morgan's testimony was that after being court appointed to represent Defendant, he obtained Giorno's phone number from Oliver and placed a call to Giorno. He could not, however, recall the conversation. He received the disputed letter by fax. Morgan did not know who altered the letter to apply to Horvath, III rather than Horvath, Jr. Morgan did not represent Horvath, Jr., nor did he know of him. Morgan spoke with Oliver but does not recall the conversation and does not know if it was about the letter but he thinks Oliver was present when the change was made to the letter.

1

Oliver testified that he was a witness at the Ohio trial and testified on September 3, 2003. After he testified, Morgan contacted him and requested the phone number of the United States Attorney's office in Western Virginia. Oliver did not have the number but obtained it from the DEA and gave it to Morgan on a slip of paper (Defendant's Exhibit 3). Oliver had no further contact with Morgan. He knew of the letter but never saw it nor did he discuss it with Morgan or the Defendant. Oliver did not authorize the change in the letter.

Giorno's stipulation was that the letter was written to and intended for Horvath, Jr. He did not authorize the change in the letter to apply to Horvath, III. The first he knew of the changes is when Defendant's initial counsel in this case filed it in conjunction with Defendant's motion asserting immunity.

Defendants present argument is that he is entitled to equitable immunity. A three part test has emerged for a claim of equitable immunity:

> "(1) an agreement was made; (2) the defendant has performed on his side; and (3) the subsequent prosecution is directly related to offenses in which the defendant, pursuant to the agreement, either assisted with the investigation or testified for the government."

*United States v. McHan*, 101 F.3d 1027, 1034 (4th Cir. 1996) (*quoting Rowe v. Griffin*, 676 F.2d 524, 527–28 (11th Cir. 1982).

Defendant fails to satisfy the first and second elements. Try as he may, he cannot establish the fact that there was an agreement between him and the government. The unauthorized amendment of the letter from "Jr." to "III" did not create an agreement. If anything, it invalidated the letter.

The second element requires that Defendant perform his part of the bargain (if there were a bargain). The letter in this case required the Defendant to "supply complete and truthful

2

information" and "to answer all questions . . . and not withhold any information." The record of the Ohio trial reveals that Defendant refused to answer a certain question, instead claiming Fifth Amendment protection.

Defendant's present motion to reconsider and his first motion for immunity must, therefore, fail.

ENTERED this 8th day of March, 2007.

                                                 s/Jackson L. Kiser
                                                 Senior United States District Judge